## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| RICHARD NELLES, | Case No. 18-CV-1373 (JNE/DTS) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| AT HOME APARTMENTS L.L.C.; DAVID LINDAU; and JENNY DEVORE, | |
| Defendants. | |

Federal district courts are not courts of general jurisdiction, but of limited jurisdiction. *Schroeder v. Freeland*, 188 F.2d 517, 519 (8th Cir. 1951). This means that a federal court does not have the power to decide every case that might get filed. Instead, a federal district court may decide only those cases it is allowed to decide under the federal Constitution and federal statutes. If neither the Constitution nor federal statute allows the court to hear the type of case that has been brought before it, the court is said to lack "subject-matter jurisdiction" over the case.

Proving jurisdiction is important. In every case, when a person files a complaint in federal court, he must provide "a short and plain statement of the grounds for the court's jurisdiction . . . ." Fed. R. Civ. P. 8(a)(1). Put another way, when a person files a federal lawsuit, he must explain to the court why he believes the court has the power to hear his case. If he fails to do so, or "[i]f the court determines at any time that it lacks

subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). The lawsuit simply cannot go forward unless the court has jurisdiction.

A person generally may establish a federal court's subject-matter jurisdiction in one of two ways. First, he may show that the case arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. This is called "federal question jurisdiction." Or, he may show that the parties are citizens of different states or countries and the amount at stake is more than $75,000. *See* 28 U.S.C. § 1332(a). This is called "diversity jurisdiction."

Plaintiff Richard Nelles alleges that defendant At Home Apartments L.L.C. and its employees, defendants David Lindau and Jenny DeVore, breached a rental contract by failing to provide a habitable apartment to Nelles, as they had promised. Breach-of-contract claims like this arise under state law, not federal law. Thus, this matter does not present a federal question. *See* Compl. at 3 [ECF No. 1]. However, Nelles alleges the Court has jurisdiction because of the parties' diversity of citizenship. *Id*. But, he also alleges that both he and At Home Apartments L.L.C. are citizens of Minnesota.[1] *Id.*

These statements cannot both be true. If Nelles and At Home Apartments L.L.C. are both citizens of Minnesota, the Court does not have jurisdiction to hear this case on the basis of diversity of citizenship. *See* 28 U.S.C. § 1332(a). The parties must be citizens of *different* states for diversity of citizenship to exist.

---

[1]   Nelles does not allege the state of which Lindau and DeVore are citizens. If Nelles is a citizen of Minnesota (as he alleges), then he would be required to show that *each* of the defendants is a citizen of a state *other* than Minnesota in order to demonstrate diversity of citizenship.

2

The Court cannot hear this case. Because the complaint raises claims under state law and is brought by a citizen of Minnesota against another citizen of Minnesota, the lawsuit must be filed in state court, not federal court. This Court therefore recommends that this matter be dismissed without prejudice for lack of subject-matter jurisdiction.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1. This matter be DISMISSED WITHOUT PREJUDICE for lack of subject-matter jurisdiction.

2. The application to proceed *in forma pauperis* of plaintiff Richard Nelles [ECF No. 3] be DENIED AS MOOT.

Dated: June 12, 2018

*s/ David T. Schultz*
DAVID T. SCHULTZ
United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).